702

## In re SILVER'S LUNCH STORES, Inc.

District Court, S. D. New York.
Oct. 9, 1933.

Meyer Kraushaar, of New York City, for Flat-Marks Realty Corporation.

Joseph Sterling, of New York City, for the bankrupt.

WOOLSEY, District Judge.

The petition to review is dismissed, and the order of the referee holding that the Flat-Marks Realty Corporation, claimant, is not a creditor of the bankrupt is in all respects confirmed and approved.

I. The bankrupt was at the times relevant herein the sublessee of the Flat-Marks Realty Corporation, which in its turn had a lease from one O'Flyn of certain premises in Brooklyn here involved.

The contention made on behalf of the Flat-Marks Realty Corporation is twofold:

(1) That it has a right to impress a trust on a lease of the premises above referred to made between O'Flyn and the bankrupt on November 18, 1932, for which negotiations were started between the bankrupt and O'Flyn on or about October 28, 1932.

The ground of this contention is that a fiduciary relationship between the Flat-Marks Realty Corporation and the bankrupt existed by reason of the fact that, when the Flat-Marks Realty Corporation, on September 11, 1931, was unable to pay O'Flyn the rent, etc., due him under its lease and was threatened with dispossession, there was a contract entered into by exchange of letters, under which the bankrupt was given by the Flat-Marks Realty Corporation an agency, coupled with an interest, authorizing it to collect rent from the other tenants of the Flat-Marks Realty Corporation in the same building until it should have reimbursed itself for advances, which it made pursuant to the agreement, to enable the lease between O'Flyn and the Flat-Marks Realty Corporation to continue in force and to have the dispossess proceedings which had been commenced by O'Flyn terminated; and

(2) That, even if there was not any such fiduciary relationship between the parties, there is in any event a balance due to the Flat-Marks Realty Corporation from the bankrupt arising under the agency above referred to, for which the bankrupt is bound to account to the Flat-Marks Realty Corporation, and hence that the latter is a creditor of the bankrupt.

II. In my opinion, the referee rightly held that on such accounting the Flat-Marks Realty Corporation was a debtor of the bankrupt, and the contention of the Flat-Marks Realty Corporation that a fiduciary relationship existed between it and the bankrupt by reason of the contract of September 11, 1931, is wholly without merit.

I put my decision on the following grounds:

■ (1) The so-called agency, coupled with an interest, created by the contract of September 11, 1931, was really a salvage ar-

rangement by which the bankrupt agreed to advance money on behalf of the Flat-Marks Realty Corporation in order that it might hold its lease with O'Flyn, and the circumstance that the bankrupt was given the right to collect the rents of other subtenants of the Flat-Marks Realty Corporation, in order to repay itself for such advances, was nothing more than collateral security for the repayment of the advances which it was making by the Flat-Marks Realty Corporation, which was then insolvent.

The relationship was really a debtor and creditor relationship out of which no fiduciary relationship arose, I think, at any time, but certainly none could arise until the bankrupt had succeeded in repaying itself to the full extent of the advances which it had made to O'Flyn to preserve the lease of the Flat-Marks Realty Corporation, and an accounting would not be demandable of the bankrupt unless and until such payment was completed.

It is clear from the evidence that this payment never was completed, because the figures of the debits and credits, as between the bankrupt and the Flat-Marks Realty Corporation, as found by the referee, in whose finding I entirely concur, show clearly that there is still a balance due from the Flat-Marks Realty Corporation to the bankrupt, and hence that the Flat-Marks Realty Corporation is not a creditor of the bankrupt.

Therefore the security of the agency coupled with an interest never matured into any fiduciary relationship, and these parties are still at arm's length, with the Flat-Marks Realty Corporation in the debtor's role.

■ (2) If, however, I am wrong, and there was a fiduciary relationship created by the agency coupled with an interest, that relationship was terminated, in my opinion, at the meeting between Mr. Kraushaar, who was then president of the Flat-Marks Realty Corporation, and Mr. Wechsler, president of the bankrupt, in late September, 1932. That was before the new lease was made by the bankrupt with O'Flyn, as above noted, on November 18, 1932, and also before October 28, 1932, when the negotiations therefor had been begun between O'Flyn and the bankrupt. At that meeting, in effect, each party agreed to go its own way in negotiations with O'Flyn, and that meant that thenceforth, in any event, the parties were at arm's length in regard to their dealings with the question of leasing the premises involved. If there was a fiduciary relationship up to that time, the beneficiary then abdicated and the fiduciary was freed.

Cf. Harris v. Morse (D. C.) 54 F.(2d) 109, 114, 115, and cases there cited.

■ (3) If there was ever a fiduciary relationship between the Flat-Marks Realty Corporation and the bankrupt, the Flat-Marks Realty Corporation was financially unable to avail itself of such relationship and lay a foundation for impressing a trust on the bankrupt's lease from O'Flyn. Hence the act of the bankrupt, of which the Flat-Marks Realty Corporation now complains, was not an act in derogation of the fiduciary relationship, if any, between the bankrupt and the Flat-Marks Realty Corporation, but involved a situation in which the Flat-Marks Realty Corporation, owing to lack of funds, was inherently unable to avail itself of its rights as a beneficiary. Therefore, to have its fiduciary make the new lease of November 18, 1932, with O'Flyn was not such a breach of the fiduciary relationship of which the Flat-Marks Realty Corporation was in a position to complain, but was at its highest an injuria absque aequitate. Irving Trust Co. v. Deutsch (D. C.) 2 F.Supp. 971–991–993.

Settle order on notice.